IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARSHALL PETTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.3:13-cv-792-MJR-DGW |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, SALVADOR GODINEZ, MARC HODGE, DR. PHIL MARTIN, LORI CUNNINGHAM, and DR. JOHN COE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel (Doc. 55), the Motion to Subpoena and to Proceed (Doc. 56), and the Amended Motion to Dismiss Defendants Motion (Doc. 58).

### MOTION FOR RECRUITMENT OF COUNSEL (DOC. 55)

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff's first motion for recruitment of counsel was denied without prejudice because Plaintiff did not make a sufficient attempt to secure counsel without Court assistance. In this second motion, Plaintiff states that other persons write his pleadings because he "get confused" and that he contacted attorney Michael J. Costello and the Uptown Law Center seeking representation. Contacting one attorney and one legal organization is insufficient: Plaintiff was instructed to contact at least three attorneys. In any event, Defendants in this matter have filed motions for summary judgment related to exhaustion on which this Court will hold a hearing on January 29, 2014. At that time, this Court will consider whether recruitment of counsel is warranted. This Motion is accordingly **DENIED WITHOUT PREJUDICE**

**MOTION TO SUBPOENA AND TO PROCEED (DOC. 56)**
**AMENDED MOTION TO DISMISS DEFENDANTS MOTION (DOC. 58)**

Both of these "Motions" appear to be responses to Defendants John Coe's and Lori Cunningham's Motion for Summary Judgment on Exhaustion (Doc. 52). They do not appear to request any relief. As such, they are **DENIED**. The Court will consider these documents at the hearing set for January 29, 2014. If Plaintiff wishes to file responses to the Motion for Summary Judgment (and the Court encourages that he do so) (Doc. 52), he must do so by December 30,

2013. Additionally, Defendants Hodge, IDOC, and Martin also filed a Motion for Summary Judgment on exhaustion. Plaintiff's response to that motion (Doc. 60) is due on January 16, 2014.

**IT IS SO ORDERED.**

**DATED: December 19, 2013**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**