IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL PETTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-792-MJR-DGW |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, SALVADOR GODINEZ, ) | |
| MARC HODGE, DR. PHIL MARTIN, LORI ) | |
| CUNNINGHAM, and DR. JOHN COE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants John Coe and Lori Cunningham on November 27, 2013 (Doc. 52) and the Motion for Summary Judgment filed by Defendants Marc Hodge, Phil Martin, and the Illinois Department of Corrections/Salvador Godinez[1] (Doc. 60) be **GRANTED**, that this matter be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

---

[1] Godinez is a named Defendant in this lawsuit because Plaintiff seeks injunctive relief.  While not a listed party in Defendants' Motions for Summary Judgment, any claims against Godinez are subsumed in Plaintiff's claims against the IDOC and the other named Defendants.

**FINDINGS OF FACT**

Plaintiff, Marshall Petty, filed a Complaint on August 5, 2013 alleging claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794 (Doc. 1). Plaintiff, who suffers from paralysis and seizures, requires a walker, leg braces, and 24-hours a day medical monitoring. He alleges that when he was transferred to Lawrence Correctional Center ("Lawrence CC") on May 22, 2013, his cell was not ADA compliant and his medical devices were taken away. He was moved to another cell in June 2013 that also was not ADA compliant. As a result, he has fallen a number of times, injuring himself. Plaintiff further alleges that he suffered from seizures in June and July, 2013 that were untreated and a stroke that also was untreated until July 2013. Pursuant to a 28 U.S.C. § 1915A screening Order entered on August 19, 2013 (Doc. 10), Plaintiff is proceeding on 3 counts: Count 1 against Defendants Dr. Phil Martin, Dr. John Coe, Marc Hodge (Warden) and Lori Cunningham (nurse) for deliberate indifference to a serious medical need; Count 2 against Martin, Coe, Hodge, and Cunningham for violations of the ADA; and Count 3 against the Illinois Department of Corrections for violations of the Rehabilitation Act.

Defendants have filed Motions for Summary Judgment on the issue of exhaustion of administrative remedies (Docs. 52 and 61). Plaintiff has filed multiple responses (of varying titles) (Docs. 58, 73, 74, and 77). A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was held on January 29, 2014 in which Plaintiff appeared by videoconference and Defendants appeared by counsel.

Defendants argue that Plaintiff submitted six grievances to the Administrative Review Board ("ARB") related to Plaintiff's Complaint, all of which have been returned to Plaintiff for failure to acquire responses at the institutional level. Defendants also indicate that the ARB has

not issued a decision on the merits of Plaintiff's claims. The grievances are as follows:

1. Dated June 25, 2013 (emergency grievance regarding ADA and medical care); deemed not an emergency on June 29, 2013; Counselor responded on September 25, 2013; received by the ARB on September 30, 2013; returned on December 10, 2013 with instructions to provide the Grievance Officer's and Chief Administrative Officer's ("CAO") responses (Doc. 61-1, pp. 20, 23).

2. Dated June 26, 2013 (regarding medical treatment for a seizure occurring on that date); Counselor's response is dated July 3, 2013; received by ARB on September 16, 2013; returned on October 1, 2013 with instructions to provide the Grievance Officer's and CAO's responses (Doc. 61-1, pp. 8-9).

3. Dated July 22, 2013 (regarding medical concerns occurring after July 18, 2013; ADA cell); Counselor's response is dated July 23, 2013; received by ARB on September 16, 2013; returned on October 1, 2013 with instructions to provide the Grievance Officer's and CAO's responses (Doc. 61-1, pp. 5-7).

4. Dated August 3, 2013 (regarding medical care and sleeping on the floor); Counselor responded on October 28, 2013; received by the ARB on November 7, 2013; returned on December 2, 2013 with instructions to provide the Grievance Officer's and CAO's responses (Doc. 61-1, pp. 24-25).

5. Dated August 5, 2013 (requesting an ADA complaint cell and asserting violations of the Rehabilitation Act); there is no Counselor's response; received by the ARB on September 16, 2013; returned on October 1, 2013 with instructions to provide the Grievance Officer's and CAO's responses (Doc. 61-1, pp. 17-19; duplicated with responses at pp. 20-22).

6. Dated August 12, 2013 (regarding falling out of bed, bad nursing, and not receiving responses to grievances); there is no Counselor's response; received by the ARB on September 16, 2013; returned on October 1, 2013 with instructions to provide the Grievance Officer's and CAO's responses (Doc. 61-1, pp. 10-12).

7. Plaintiff also wrote letters on August 6, 2013 and August 25, 2013, related to this treatment at Lawrence CC that were received by the ARB on September 16, 2013 (Doc. 61-1, pp. 13-16).

None of the grievances outlined above have responses from either the Grievance Officer or the

CAO (i.e. the Warden). Defendants also note that the grievance log maintained by Lawrence CC

show that no grievances were filed prior to June 12, 2013 (Doc. 53-1, p. 2-3).

Plaintiff has filed a number of responses that make the same argument: that he submitted grievances to the grievance officer but that he did not receive any responses. Plaintiff is not specific about which grievances he submitted and has attached a number of grievances to his responses. There are no grievance officer/CAO responses to any of the grievances contained in Plaintiff's filings.

At the *Pavey* hearing, Plaintiff generally stated that he submitted grievances to the grievance officer and the warden but that he did not receive any responses. Plaintiff also testified that he submitted an emergency grievance in May, 2013 and another emergency grievance prior to June 15, 2013. When questioned by the Court, Plaintiff stated that the May 2013 emergency grievance concerned the confiscation of his walker when he was placed in the infirmary upon being transferred to Lawrence CC. The early June 2013 emergency grievance only concerned Plaintiff being compelled to walk to the shower while he was in segregation (without his walker or braces). Plaintiff further indicated that he always copied grievances prior to submission but that he inexplicably did not copy these two grievances. Thus, these grievances are not located in Plaintiff's submissions.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833,

836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See*

Page **5** of **10**

*Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to promptly advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or

irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Plaintiff filed a Complaint on August 5, 2013[2] for events that arose after May 22, 2013, when he was transferred to Lawrence CC. He particularly alleges that his medical devices were taken away on that date and that he suffered from seizures and other conditions in June and July, 2013. Defendants argue and provided evidence that the *earliest* relevant grievance that Plaintiff filed was on June 25, 2013. A counselor responded *after* this lawsuit was filed (on September 25, 2013). The regulations indicate that after Plaintiff has attempted to resolve the issue with his

---

[2] The Complaint itself is dated July 30, 2014.

counselor and has filed a grievance, the CAO has 2 months to fashion a response. Even if Plaintiff had properly appealed the counselor's response to the CAO, he could not have exhausted prior to filing this lawsuit. Moreover, even if Plaintiff had elected to bypass his counselor and submit the grievance directly to the CAO on June 25, 2013, the CAO had until August 25, 2014 to respond (a date after this suit was filed). With each of the grievances identified above, Plaintiff filed this lawsuit prior to allowing the CAO the time to respond. Moreover, Plaintiff appears to have mailed his grievances directly to the ARB after his counselor responded, thereby bypassing critical steps in the grievance process at the institutional level. Plaintiff filed this lawsuit before he either allowed the institution to respond or before the time limit for a response expired.

Plaintiff contends that he submitted two grievances, one in May 2013 and the other in early June 2013. To the extent that Plaintiff did submit these grievances (which he testified only concerned the confiscation of his walker and the requirement that he walk to the showers), they do not the claims made in this case that his cells did not comport with the ADA or the Rehabilitation Act (Counts 2 and 3). Therefore, even if Plaintiff did file these grievances, Counts 2 and 3 should be dismissed, without prejudice, for failure to exhaust.

This Court finds, however, that Plaintiff either did not file these grievances or may have been confused as to when they were filed. Plaintiff has provided copies to the Court of numerous grievances that he filed regarding the incidents that underlie the complaint (the record also contains a number of other grievances unrelated to the claims in this case). As Defendants pointed out at the hearing, it is hard to believe that Plaintiff maintained copies of all of his grievances *except* the two grievances that may perfect his claim and demonstrate that he

exhausted his administrative remedies. Moreover, it is entirely probable that Plaintiff employed the same practice that he followed with the grievances that are a part of the record: that he submitted them to his counselor but failed to submit them to the grievance officer. There is no showing that Plaintiff attempted to appeal any denial of these grievances (or that he sent them to the ARB). And, in the various responses filed by Plaintiff with the Court (and the documents attached thereto), there is no mention of these two grievances. Indeed, the letters that Plaintiff attaches (addressed to a variety of people and entities), while indicating a failure to respond to other grievances, do not specifically mention any grievance filed prior to June 5, 2013.[3]

The Court is mindful that the grievance process at the institution may be daunting or frustrating. Moreover, the Court is sympathetic with the Plaintiff that he was distressed because he believed that his medical condition was not being taken seriously or that he was not being treated appropriately. However, Plaintiff, who appears capable of filling out and submitting emergency grievances to the Warden and regular grievances to his counselor, elected to bypass the grievance officer's review once the emergency grievances were denied and once his counselor responded. Instead, Plaintiff mailed his grievances directly to the ARB and, prior to receiving a response from that body, filed a lawsuit with this Court. Bypassing the steps in the process does not allow the institution to fully consider and address Plaintiff's claims. As Plaintiff indicated at the hearing, his medical concerns have now been addressed by the institution in a meaningful manner. Had Plaintiff followed the required steps, submitted

---

[3] June 5, 2014 is two months prior to the date the Complaint was filed. However, Plaintiff dated the complaint on July 30, 2014. In order for this Court to find that Plaintiff exhausted, he would have had to submit a grievance to the grievance officer/CAO by May 30, 3014 (2 months prior). Only if no response was received to such a grievance (submitted in late May, 2014) would Plaintiff have exhausted his administrative remedies.

Page **9** of **10**

grievances for review by the grievance officer instead of mailing them to the ARB, his concerns may have been addressed in a timely manner. In any event, the evidence before the Court reveals that Plaintiff failed to exhausted his administrative remedies prior to filing this lawsuit.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment filed by Defendants John Coe and Lori Cunningham on November 27, 2013 (Doc. 52) be **GRANTED**, that the Motion for Summary Judgment filed by Defendants Marc Hodge, Phil Martin, and the Illinois Department of Corrections/Salvador Godinez (Doc. 60) be **GRANTED**, that this matter be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 4, 2014**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**