IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARSHALL PETTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-CV-0792 –MJR- DGW |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, SALVADOR GODINEZ, ) | |
| MARC HODGE, DR. PHIL MARTIN, ) | |
| LORI CUNNINGHAM, and DR. JOHN ) | |
| COE, ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 79), recommending that the motion for summary judgment (Doc. 52) filed by Defendants John Coe and Lori Cunningham be granted and that the motion for summary judgment (Doc. 60) filed by Defendants Marc Hodge, Phil Martin, and the Illinois Department of Corrections/Salvador Godinez also be granted. The Report and Recommendation was entered on February 5, 2014 and included a Notice that any objections were due within fourteen days of service. Petty has filed a "Motion to Respond of the New Evidence" (Doc. 82). The motion is unclear, but appears to be a late objection to the Report and Recommendation (*Id.*). On March

17, 2014, Defendants Hodge, IDOC and Martin filed a response in opposition to this motion/objection (*See* Doc. 83).

Plaintiff Marshall Petty filed this § 1983 suit against six defendants for events that arose after May 22, 2013 when he was transferred to Lawrence Correctional Center. He also alleges claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. Plaintiff suffers from paralysis and seizures, which requires him to have a walker, leg braces, and 24-hour day medical monitoring. Specifically, Plaintiff alleges that when he was transferred to Lawrence Correctional Center on May 22, 2013, his cell was not ADA compliant and his medical devices were taken away. He was transferred to another cell in June of 2013 and that cell also is not ADA compliant. As a result, Plaintiff has fallen several times, suffered from seizures and suffered a stroke. Plaintiff proceeds on three counts: deliberate indifference to medical needs against Defendants Martin, Coe, Hodge and Cunningham (Count 1); Violation of the ADA against Defendants Martin, Coe, Hodge and Cunningham (Count 2); and violation of the Rehabilitation Act against Defendant Illinois Department of Corrections (Count 3).

Defendants have filed motions for summary judgment on the basis that Plaintiff has failed to exhaust his administrative remedies before bringing suit (Docs. 62 & 61). Specifically, they assert that Plaintiff did not complete the grievance process prior to filing suit. Plaintiff filed multiple responses to this motion (of varying titles) (*See* Docs. 58, 73, 74, and 77).

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on Defendants' motion on January 29, 2014, and Plaintiff appeared by videoconference and Defendants appeared by counsel.  Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 79).  The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**.  The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**.  In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.  However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, **474 U.S. 140 (1985)**.

Here, Plaintiff's objection was not timely.  The Court has nevertheless considered Plaintiff's objection and finds that it is not an objection to the findings of the Report and

Recommendation at all- much less a specific objection. In the document, Plaintiff refers to his July 26, 2013 grievance and his subsequent inquiry that he made to c/o Dulap as to where his response to his grievance was, but this fails to indicate how the Report and Recommendation is either factually or legally incorrect. Thus, a *de novo* review is not required here. However, the Court finds the factual findings and rationale of the Report and Recommendation sound. Plaintiff filed suit on August 5, 2013 (Doc. 1). The Court agrees that Defendants have provided evidence that the earliest relevant grievance that Plaintiff filed was on June 25, 2013. A counselor responded on September 25, 2013, after this suit was filed. With every grievance Plaintiff filed, he filed his lawsuit prior to allowing the Chief Administrative Officer time to respond, or before the time limit for a response expired. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. ***See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)**. Here, it is apparent to the Court that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, and thus the case must be dismissed.

For these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 79) and **GRANTS** Defendants' motions for summary judgment (Docs. 52 & 60). Plaintiff's "Motion to Respond of the New Evidence" (Doc. 82), which the Court construed as an objection to the Report and Recommendation is **DENIED**. The case is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**. The Clerk of the Court is **DIRECTED** to close the case.

IT IS SO ORDERED.

DATED: April 18, 2014

                                                       s/Michael J. Reagan_____
                                                      MICHAEL J. REAGAN
                                                      United States District Judge